[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO VACATE ARBITRATION AWARD
The Plaintiff union seeks to vacate an arbitration award dated October 23, 1993 upholding the action of defendant Housing Authority when it did not promote the grievant Carmelo Gagliardi to the position of Maintenance Mechanic in June, 1989.
The plaintiff claims that under the collective bargaining agreement between the parties, the grievant should have been given the position of Maintenance Mechanic because Article VI, Section 4.3A provides
 When a vacancy exists or a new position is created, the employee with the highest seniority shall be given the first opportunity to fill the position provided he is qualified.
It is undisputed that grievant had the highest seniority, but defendant justified its refusal to give him the position because he did not have the requisite training and experience and did not have a B-4 heating mechanic license. Plaintiff claims that the award demonstrates "a manifest disregard of the law" because it refused to give proper weight to General Statutes § 20-340
which exempts from licensing requirements persons employed by governmental agencies. The arbitrators' decision did not find this statute relevant "since that statute deals with unlicensed workers of governmental entities working on non-residential buildings and properties."
Plaintiff has failed to demonstrate that General Statutes § 20-340 is applicable to a housing authority like the defendant, see Gordon v. Bridgeport Housing Authority,208 Conn. 161 (1988). Even if this exemption statute were applicable it is by no means certain that defendant violated the seniority provision in the collective bargaining agreement by making the license requirement a key element of the "qualified" requirement in the same paragraph. It is not disputed that the license requirement was part of the job description since at least 1981.
Under these circumstances, there is at most a "disagreement with the arbitrators application of controlling legal principles" by the plaintiff and not a "manifest disregard of the law" by CT Page 9583 the arbitrators which is required to set aside an award.Garrity v. McCaskey, 223 Conn. 1 (1992).
Motion to Vacate is denied.
Jerry Wagner Trial Judge Referee